UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Shirley Orquidea CASTRO FLORES,<br><br>    Plaintiff,<br><br>vs.<br><br>Denis RIORDAN, District Director of Boston District Office of U.S. Citizenship and Immigration Services;<br><br>Alejandro MAYORKAS, Secretary of the U.S. Department of Homeland Security;<br><br>Ur JARROU, Director of U.S. Citizenship and Immigration Services;<br><br>Merrick GARLAND, Attorney General of the United States;<br><br>    Defendants. | Civil Action No: _____<br><br>Case No: _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT

NOW COMES Plaintiff Shirley Orquidea Castro Flores ("Plaintiff" or "Ms. Castro Flores") and complains of the defendants as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this Action to challenge the denial of her I-360 Petition for Amerasian, Widow(er), or Special Immigrant, filed on May 20, 2019. Defendant, United States Citizenship & Immigration Services (USCIS), subsequently denied her petition in June of 2021. Plaintiff seeks a declaration that Defendants' action violated the Administrative Procedures Act (APA) because the denial was arbitrary and capricious. As a result of

Defendants' improper acts, the Court should order Defendants to reopen and adjudicate Plaintiff's I-360 Petition.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal jurisdiction question) and 2201 (action seeking a declaratory judgment).

3. The Administrative Procedures Act (APA) provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

4. The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's I-360 Petition has adversely affected her ability to obtain LPR status in the United States. Ms. Castro Flores thus falls within APA's standing provisions.

## VENUE

5. Venue lies in the District of Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Massachusetts. 28 U.S.C. §§ 1391(b), (e).

## PARTIES

6. Plaintiff is a native and citizen of Guatemala. She was born on May 20, 1999 in Jutiapa, Jutiapa, Guatemala. She first arrived in the United States on or about May 1, 2004 without any permission or visa to enter the United States. She has remained in the United States since her entrance in 2004 under Deferred Action for Childhood Arrivals (DACA). Plaintiff filed an I-360 Petition for Amerasian, Widow(er), or Special Immigrant on May 20, 2019.

7. Defendant Denis Riordan is the District Director of USCIS for District-1. He has the responsibility for the adjudication of immigration applications and petitions, such as the one filed by Ms. Castro Flores. He is sued in his official capacity.

8. Defendant Alejandro Mayarkas is the Secretary for the Department of Homeland Security ("DHS"), which is the cabinet department responsible for, among other things, administering and enforcing the nation's immigration laws. 6 U.S.C. § 251. He is also authorized to delegate such powers and authorities to subordinate employees of DHS, including, but not limited to, USCIS. He is sued in his official capacity.

9. Defendant Ur Jarrou is the Director of USCIS. She is charged with supervisory authority over all operations of USCIS. She is sued in her official capacity.

10. Defendant Merrick Garland is the Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). He is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## FACTS

11. As stated, Plaintiff filed her Petition for Amerasian, Widow(er), or Special Immigrant Status on May 20, 2019. *See* Exhibit A, Receipt Notice for I-360 dated May 22, 2019 and I-360 Petition for Special Immigration Juvenile Status submission dated May 18, 2019.

12. On March 18, 2020 USCIS sent Ms. Castro Flores a Request for Evidence (Form I-360) ("RFE"), stating that the SIJ order found her to be dependent but did not "indicate whether the court provided some form of relief to protect [petitioner] from parental abuse, abandonment, neglect, or a similar basis under state law." The RFE requested that Ms. Castro Flores provide evidence that the court provided "some form of placement,

supervision, or services in connection with the finding of dependency." The RFE further specified that all requested evidence must be submitted by June 15, 2020. *See* Exhibit B, Request for Evidence (Form I-360).

13. On March 27, 2020, USCIS announced that due to the COVID-19 pandemic, it would extend response time to agency requests automatically for 60 days. This alert includes requests for evidence. Thus, the RFE response due on June 15, 2020 was not due until August 15, 2020. *See* Exhibit C, USCIS Alert.

14. On March 17, 2020 Chief Justice Ralph D. Gants of the Supreme Judicial Court issued Standing Order, Order Limiting In-Person Appearances in State Courthouses to Emergency Matters That Cannot Be Resolved Through A Videoconference or Telephonic Conference. Citing the emerging developments of the coronavirus pandemic, the Order announced that the only in-person proceedings to be held in courthouses would be emergency matters but that the trial court clerk's offices would remain open to accept pleadings and other documents in emergency matters. *See* Exhibit D, March 17 Standing Order.

15. On April 1, 2020, Chief Justice Ralph D. Gants at the Supreme Judicial Court issued a Standing Order, Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (CORONAVIRUS) Pandemic, which repealed and replaced the March 17 Standing Order. It ordered all courts of the Commonwealth to be closed to the public but open to conduct business until at least May 4, 2020. *See* Exhibit E, April 1 Standing Order.

16. Such closures caused immense delays in filing and docketing case information, motions, and pleadings.

17. On March 24, 2020, Ms. Castro Flores, through counsel, filed a Motion to Amend Decree of Special Finding – Nunc Pro Tunc; Amended Order for Special Findings of Fact and Rulings of Law on Judgment in Equity filed on May 9, 2019; and Motion for Service by Alternate Means and Affidavit of Diligent Search,. *See* Exhibit F, Motion to Amend Decree of Special Findings – Nunc Pro Tunc Submission.

18. This Motion was mailed, via USPS (tracking number 9405511699000827474759) on March 24, 2020, and was delivered to the Suffolk County Probate and Family Court. *See* Exhibit G, Receipt from United States Postal Service. The Probate and Family Court docketed the Motion until March 27, 2020. *See* Exhibit H, Docket Information.

19. On May 21, 2020, Justice Francis D. Giordano of the Suffolk Probate and Family Court issued an Order for Publication and Summons. On July 31, 2020, counsel's office mailed the Return of Service and Motion to Accept Service as Rendered. *See* Exhibit I, Return of Service Submission.

20. Despite counsel's best efforts to have a judge at the Probate and Family Court issue a holding over the next several months, the Amended Order was not signed until October 29, 2020 and counsel's office was unable to obtain a copy of the Amended Order until November 9, 2020. *See* Exhibit J, Amended Order.

21. On September 2, 2020, USCIS issued its Decision, denying Ms. Castro Flores' I-360 Petition for failure to respond to the RFE deadline in a timely manner. *See* Exhibit K, Decision.

22. On November 9, 2020, Plaintiff filed a Motion to Reopen pursuant to Title 8 C.F.R. §103.5(a). *See* Exhibit L, Motion to Reopen.

23. 8 C.F.R. § 103.5(a) provides in relevant part:

A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

(i) the requested evidence was not material to the issue of eligibility;

(ii) the required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or

(iii) the request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

24. As provided in 8 C.F.R. § 103.5(a)(4), "[a] motion that does not meet applicable requirements shall be dismissed."

25. On June 23, 2021, USCIS denied the Motion to Reopen, but because neither Plaintiff nor counsel received the Decision, Plaintiff is unable to ascertain the reasons contained therein.

## COUNT ONE
### (Violation of The Administrative Procedure Act)

26. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

27. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.*

28. The documents that Plaintiff submitted to USCIS established her entitlement to petition for Special Immigrant Juvenile Status.

29. Defendants denied Plaintiff's petition because they failed to consider the difficulties posed to counsel and the Courts due to the COVID-19 pandemic.

30. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedures Act by denying Ms. Joya's I-360 Petition.

31. Ms. Castro Flores has exhausted all administrative remedies available to her as of right.

32. Ms. Castro Flores has no other recourse to judicial review other than by this action.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff prays that this Court grant the following relief:

1. Reverse Defendant's decision denying relief and grant Plaintiff's I-360 application;
2. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,
3. Order any further relief this Court deems just and proper.

**OR, in the alternative:**

1. Declare Defendants' denial of Plaintiff's I-360 application to be in violation of the Administrative Procedure Act and order USCIS to immediately reopen and adjudicate Plaintiff's I-360 application;
2. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,
3. Order any further relief this Court deems just and proper.

Dated: November 4, 2021

Respectfully Submitted,

Rachel L. Rado, Esq. | BBO #: 682095
Attorney for the Plaintiff
Law Offices of Rachel L. Rado
100 State Street, 3rd Floor
Boston, MA 02109
Tel: 617-871-6030
Email: rachel@rachelradolaw.com